Katherine A. Musbach (SBN: 318683)
Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
kmusbach@grsm.com
Telephone:  (312) 980-6798
Facsimile:  (312) 565-6511

Attorneys for Plaintiff
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| National Union Fire Insurance Company of Pittsburgh, PA as subrogee and assignee of the Orange County Transportation Authority<br><br>Plaintiff,<br><br>vs.<br><br>SharePoint360, Inc.<br><br>Defendant. | CASE NO. '18CV249 L    AGS |

# COMPLAINT

National Union Fire Insurance Company of Pittsburgh, PA., as subrogee and assignee of the Orange County Transportation Authority ("Plaintiff"), complains of SharePoint360, Inc. ("SharePoint360") as follows:

-1-
Complaint

## THE PARTIES, JURISDICTION AND VENUE

1. Plaintiff is incorporated under Pennsylvania law and maintains its principal place of business in New York.

2. SharePoint360 is incorporated under California law and maintains its principal place of business in California.

3. As explained below, Plaintiff reimbursed OCTA for the loss caused by SharePoint360 and is subrogated and assigned to OCTA's claims against SharePoint360.

4. This Court has diversity jurisdiction over this matter pursuant 28 U.S.C. § 1332 because this is a civil action between the citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(a)-(c) because SharePoint360's principal place of business is in California, and a substantial part of the events or omissions giving rise to the claim occurred in This district.

6. This Court has personal jurisdiction over SharePoint360 since SharePoint360 is a California corporation with its principal place of business in California and which performed services relating to this case in California.

## SHAREPOINT 360'S CONTRACT WITH OCTA

7. SharePoint360, a cloud-based service provider, contractually agreed with the Orange County Transportation Authority ("OCTA") to provide computer hosting services and to maintain the confidentiality, security and privacy of OCTA's information.

8. Pursuant to a purchase order which incorporated OCTA's general provisions (attached as Exhibit 1 and referred to herein as "Agreement"), SharePoint360 agreed to:

> Monitor, manage and remediate network and servers including administration infrastructure; Operating System, Database Server, SharePoint patch and service pack level management; Site availability monitoring and remediation; malware and virus protection; Data backup and recovery with 30 day retention; Security enforcement.

9. Pursuant to Paragraph 2.5.5, SharePoint360 bore contractual responsibility to take "commercially reasonable measures" to ensure the confidentiality, integrity and security of OCTA's data – including taking reasonable protection from any network attack and other malicious program:

> [Sharepoint360] shall take commercially reasonable measures to ensure the security, confidentiality, and integrity of the [OCTA] Data and other proprietary information of [OCTA] transmitted through or stored on the server, including (i) firewall protection, (ii) maintenance of independent archival and backup copies of the [OCTA] data and applications for 30 days; and (iii) reasonable protection from any network attack and other malicious harmful or disabling data, work, code or program.

(Ex. 1, Scope of Work, ¶2.5.5).

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

10. SharePoint360 agreed to indemnify OCTA and hold OCTA harmless from any loss or damage caused by SharePoint360 in connection with the performance of the Agreement:

> INDEMNIFICATION – [SharePoint360] shall indemnify, defend, and save harmless [OCTA] from and against any loss, damage, claim, or harm for bodily injuries, including death, or damage to property caused by [SharePoint360] or its employees, subcontractors, or suppliers in connection with the performance of this agreement.

(Ex. 1, General Provisions, pg. 3).

## OCTA'S DAMAGE/LOSS

11. From at least July 1, 2015 and through June 30, 2016, SharePoint360 managed servers on behalf of OCTA, including a server identified as OCTACM1301, IP: 10.3.51.18 ("OCTACM1301").

12. OCTACM1301 was physically located at SharePoint360's data center and was managed by SharePoint360. SharePoint360 also managed an external firewall ("SP360 External Firewall") intended to protect OCTACM1301 from attack.

13. During the relevant time, SharePoint360 installed software called JBoss on the OCTACM1301. It is custom industry practice to constantly monitor and patch software and firewalls after installation to ensure security.

14. Patching firewalls and software is a preventative measure required to remedy any vulnerabilities in a system's security. Pursuant to industry standards

and the Agreement, SharePoint360 should have monitored and patched the SP360 External Firewall and JBoss software.

15. However, after installing the JBoss software, Sharepoint360 failed to follow basic security measures, in that it failed to monitor and update the JBoss software, install the patches necessary to remedy vulnerabilities in the JBoss software, and failed to monitor and patch the SP360 External Firewall.

16. SharePoint360's failures to perform basic security measures to ensure the system's security was an extreme departure from the ordinary standard of care and was in direct breach of the Agreement. As a direct result of SharePoint360's conduct, hackers exploited a vulnerability in the JBoss software and infected the OCTA servers with ransomware.

17. On February 4, 2016, a third-party hacker exploited the unpatched JBoss software. After the hacker took over the OCTACM1301, they accessed OCTA's server network and infected OCTA's servers in the OCTA 172.16.16.0/24 subnet with ransomware.

18. As a result of the ransomware attack, a total of 88 OCTA servers were affected and required either complete rebuilds or restoration. After the ransomware attack, OCTA learned that SharePoint360 failed to maintain any archival and backup copies of OCTA's data as required under the Agreement. SharePoint360's failure to backup any of OCTA's data resulted in additional expenses for OCTA.

19. As a direct result of SharePoint360's failure to maintain the confidentiality, security or privacy of OCTA's information and failure to monitor the firewalls, patch firewalls and software, backup OCTA's data and otherwise ensure the security of the servers it managed, OCTA incurred $786,435.16 in loss.

20. Pursuant to an insurance policy, Plaintiff reimbursed OCTA for loss resulting from SharePoint360's conduct. As a result of the reimbursement payments and an assignment from OCTA, Plaintiff is subrogated to and has been assigned OCTA's claims against SharePoint360, and has a legal and an equitable subrogation interest in recovery obtained from SharePoint 360.

## COUNT I

## (BREACH OF CONTRACT)

21. Plaintiff incorporates by reference each of its allegations in paragraphs 1 through 20 of its Complaint.

22. SharePoint360 expressly agreed to provide hosting services to OCTA in accordance with the Agreement.

23. The Agreement states that SharePoint360 was to provide the following services to OCTA:

> Monitor, manage and remediate network and servers including administration infrastructure; Operating System, Database Server, SharePoint patch and service pack level management; Site availability monitoring and remediation; malware and virus protection; Data backup and recovery with 30 day retention; Security enforcement. (Ex. 1 at pg. 4).

24. SharePoint360 expressly agreed to take "commercially reasonable measures" to ensure the confidentiality, integrity and security of OCTA's data – including taking reasonable precautions against any network attack and other malicious program:

> [Sharepoint360] shall take commercially reasonable measures to ensure the security, confidentiality, and integrity of the [OCTA] Data and other proprietary information of [OCTA] transmitted through or stored on the server, including (i) firewall protection, (ii) maintenance of independent archival and backup copies of the [OCTA] data and applications for 30 days; and (iii) reasonable protection from any network attack and other malicious harmful or disabling data, work, code or program.

(Ex. 1, Scope of Work, ¶2.5.5).

25. SharePoint360 breached the Agreement by failing take "commercially reasonable measures" to protect the security and integrity of OCTA's information and failing to "reasonable protection from any network attack and other malicious harmful or disabling data, work, code or program."

26. SharePoint360's breach of the Agreement included failing to (a) monitor and update the JBoss software; (b) install the patches necessary remedy vulnerabilities to the JBoss software; (c) monitor and patch the SP360 External Firewall; (d) maintain proper firewall protection; (e) maintain independent archival and backup copies of the OCTA data for 30 days; and (f) provide other reasonable protection from any network attack and other malicious harmful or disabling data, work, code or program.

27. OCTA performed all of its duties under the Agreement.

28. As a direct result of SharePoint360's breach of its contractual obligations, OCTA incurred damages and loss in the amount of $786,435.16.

29. Pursuant to an insurance policy, Plaintiff reimbursed OCTA for loss resulting from SharePoint360's conduct. As a result of the reimbursement payments and an assignment from OCTA, Plaintiff is subrogated to and has been assigned OCTA's claims against SharePoint360, and has a legal and an equitable subrogation interest in recovery obtained from SharePoint 360.

WHEREFORE, Plaintiff requests that a judgment be entered against SharePoint360 in an amount in excess of $786,435.16, an award of interest, attorney's fees, costs and other damages incurred by OCTA, and for such other or further relief as the Court deems equitable and just.

## COUNT II
## (DUTY TO INDEMNIFY)

30. Plaintiff incorporates by reference each of its allegations in paragraphs 1 through 29 of its Complaint.

31. The Agreement incorporates the OCTA's general provisions which provide the following indemnification provision:

> INDEMNIFICATION – [SharePoint360] shall indemnify, defend, and save harmless [OCTA] from and against any loss, damage, claim, or harm for bodily injuries, including death, or damage to property caused by [SharePoint360] or its employees, subcontractors, or suppliers in connection with the performance of this agreement.

(Ex. 1 at pg. 3, General Provisions).

-8-
Complaint

32. OCTA incurred loss and damage caused by SharePoint360's performance of the Agreement, in that SharePoint360 failed maintain proper firewall protection, failed to maintain independent archival and backup copies of the OCTA data for 30 days, and failed to provide reasonable protection from any network attack and other malicious harmful or disabling data, work, code or program.

33. SharePoint360's failures and conduct caused OCTA's loss and damage and thus, SharePoint360 owes a contractual duty to indemnity National Union, as subrogee and assignee of OCTA, for the loss/damage caused by SharePoint360's conduct.

34. Under the Agreement, SharePoint360 is required to indemnify National Union (as subrogee and assignee of OCTA) and hold National Union (as subrogee and assignee of OCTA) harmless against the $786,435.16 loss and damage OCTA sustained in connection with SharePoint360's performance of the Agreement.

WHEREFORE, Plaintiff requests that a judgment be entered against SharePoint360 in an amount in excess of $786,435.16, an award of interest, attorney's fees, costs and other damages incurred by OCTA, and for such other or further relief as the Court deems equitable and just.

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

## COUNT III

## (NEGLIGENCE/GROSS NEGLIGENCE)

35. Plaintiff incorporates by reference each of its allegations in paragraphs 1 through 34 of its Complaint.

36. SharePoint360 bears liability to Plaintiff absent the Agreement and would, absent the Agreement, bear common law liability to OCTA as it had a common law duty to exercise reasonable care, including reasonable care in maintaining the security of its environment, monitoring its software and firewalls, patching vulnerabilities and maintaining archival and backup copies of OCTA's data for at least 30 days.

37. SharePoint360 breached its common law duty to exercise reasonable care and thus, is liable to OCTA's loss.

38. Industry standard required SharePoint360 to constantly monitor firewalls and software to determine whether it is necessary to patch vulnerabilities in order to prevent security breaches.

39. SharePoint360's failure to monitor its software or firewalls, failure to patch vulnerabilities in its firewalls or software, and failure to properly provide archival and backup copies of OCTA's data represents an extreme departure from the standard of care.

40. Since SharePoint360 maintained control of servers with direct access to OCTA's server network, it was reasonably foreseeable that SharePoint360's

failure to maintain the security of its software and firewalls would result in a direct attack on OCTA's server network.

41. OCTA suffered reasonably foreseeable damages to its property as a result of SharePoint360's failure to monitor its software or firewalls, failure to patch vulnerabilities in its software or firewalls, and failure to properly provide archival and backup copies of OCTA's data.

42. As a direct and proximate result of SharePoint360's extreme departure from the ordinary standard of care, OCTA suffered substantial damages and loss including, but not limited to the property damage to its servers. Pursuant to an insurance policy, Plaintiff reimbursed OCTA for loss resulting from SharePoint360's conduct. As a result of the reimbursement payments and an assignment from OCTA, Plaintiff is subrogated to and has been assigned OCTA's claims against SharePoint360, and has a legal and an equitable subrogation interest in recovery obtained from SharePoint360.

WHEREFORE, Plaintiff requests that a judgment be entered against SharePoint360 in an amount in excess of $786,435.16, an award of interest, attorney's fees, costs and other damages incurred by OCTA, and for such other or further relief as the Court deems equitable and just.

Dated:   February 2, 2018

1  Respectfully Submitted,

2  GORDON & REES, LLP

3

4  By: _/s/_*Katherine A. Musbach*
KATHERINE A. MUSBACH
5  (SBN: 318683)
GORDON REES SCULLY
6  MANSUKHANI, LLP
7  275 Battery Street, Suite 2000
San Francisco, CA 94111
8  kmusbach@grsm.com
9  Telephone: (312) 980-6798
Facsimile: (312) 565-6511

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1142846/36673921v.1

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

-12-
Complaint