UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, AS SUBROGEE OF THE ORANGE COUNTY TRANSPORTATION AUTHORITY,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SHAREPOINT360, INC.,<br><br>　　　　　　　　　　Defendant. | Case No.: 18cv249-L(AGS)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR STAY PENDING ARBITRATION** |

In this action alleging breach of contract, indemnity and gross negligence, Defendant SharePoint360, Inc. filed a motion to dismiss or stay pending arbitration. Plaintiff filed an opposition, and Defendant replied. The Court decides the matter on the papers submitted and without oral argument. *See* Civ. L. R. 7.1(d.1). For the reasons stated below, Defendant's motion is granted, and this action is dismissed.

Plaintiff National Union Fire Insurance Company of Pittsburgh, PA alleges that its insured, Orange County Transportation Authority ("OCTA") entered into a contract with Defendant to manage and maintain its computer network and servers ("Agreement"). Among other things, the Agreement obligated Defendant to take commercially

1

18cv249-L(AGS)

reasonable measures to ensure the security of OCTA's data, including firewall protection, and to independently archive backup copies for 30 days. Defendant allegedly failed to properly maintain the firewall and security software and failed to perform basic security measures to ensure OCTA's system security. OCTA was allegedly damaged when a third-party hacker launched a ransomware attack. According to the complaint, this affected numerous OCTA servers, which had to be rebuilt and restored, and caused the loss of OCTA's data, which was not archived and backed up as agreed. Plaintiff indemnified OCTA under its insurance company. Plaintiff filed the instant action as OCTA's subrogee and assignee to recover the sums paid OCTA under the insurance policy. Plaintiff alleges claims for breach of contract, indemnity and gross negligence against Defendant. The Court has diversity jurisdiction under 28 U.S.C. § 1332.

Defendant moves to compel arbitration pursuant to the arbitration clause in the Agreement. (Compl. Ex. 1 (doc. no. 1-2) at 18.)[1] Plaintiff does not dispute that the arbitration clause is valid and applicable, as it filed a demand for arbitration concurrently with the complaint in this action. (Schlecht Decl. (doc. no. 9-2) at 2 & Def.'s Ex. A (doc. no. 9-4.) Nevertheless, this motion was necessary because, the arbitration notwithstanding, Plaintiff does not agree to dismiss the action, although he would agree to stay it. (Schlecht Decl. at 2.) Plaintiff's arbitration demand is essentially identical to the complaint in this action, and the request for relief is the same. (*See* Def.'s Ex. A.) As an alternative to seeking dismissal based on the pending arbitration, Defendant requests dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1), (3) and (6) for lack of subject matter jurisdiction, improper venue and failure to state a claim, respectively. The former two grounds for dismissal are based on the pending arbitration, while the latter is also based on the contention that Plaintiff's gross negligence claim is barred by California law under the economic loss rule.

---

[1] All page number references are assigned by the Court's Electronic Case Filing and Case Management System.

Plaintiff does not oppose arbitrating the breach of contract and indemnity claims. (Opp'n (doc. no. 15) at 5.) However, it maintains that the gross negligence claim is not arbitrable because it is based on "an independent duty that is . . . not dependent upon the contract." (*Id.* at 11.) It further requests leave to amend the complaint to add a claim for negligent misrepresentation about Defendant's services and argues that this claim also would not be subject to arbitration because the alleged misrepresentation pre-dates the Agreement. (*Id.*)

Because the Agreement is "a contract evidencing a transaction involving commerce," it is subject to the Federal Arbitration Act, 9 U.S.C. §1 *et seq.* ("FAA"). *See Chiron Corp. v. Ortho Diagnostic Sys., Inc.,* 207 F.3d 1126, 1130 (9th Cir. 2000). "The standard for demonstrating arbitrability is not high." *Simula, Inc. v. Autoliv, Inc.,* 175 F.3d 716, 719 (9th Cir. 1999). "The FAA mandates that district courts '*shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'" *Kilgore v. KeyBank N.A.,* 718 F.3d 1052, 1058 (9th Cir. 2013) (emphasis in original) (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985)). In this regard, the FAA "leaves no place for the exercise of discretion by a district court . . .." *Dean Witter Reynolds,* 470 U.S. at 218. "The court's role under the [FAA] is therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp.,* 207 F.3d at 1130 (citations omitted).

Plaintiff does not dispute the validity of the arbitration clause. It claims only that the gross negligence and the proposed negligent misrepresentation claims fall outside its scope. In determining this issue, the Court "must be cognizant of the [FAA's] federal policy favoring arbitration agreements." *Chiron Corp.,* 207 F.3d at 1131. The FAA
> establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.

*Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24–25 (1983).

The arbitration clause in the agreement between OCTA and Defendant provides in pertinent part that "[a]ny dispute or controversy *arising from or related to* this Agreement or the rights of the parties to this Agreement shall be settled by binding arbitration . . .." (Compl. Ex. 1 at 18 (emphasis added).) This language does not limit arbitration to the literal interpretation or performance of the Agreement. Coupled with the policy favoring arbitration, the clause warrants expansive interpretation. *See Simula,* 175 F.3d at 720-21 (interpreting clause "[a]ll disputes arising in connection with this Agreement" and discussing cases). "To require arbitration, [Plaintiff's] factual allegations need only 'touch matters' covered by the contract containing the arbitration clause and all doubts are to be resolved in favor of arbitrability." *Id.* at 721 (quoting *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 624 n.13 (1985)).

To determine whether the gross negligence and proposed negligent misrepresentation claims are arbitrable, the Court "must examine the factual allegations." *Simula,* 175 F.3d at 721. The facts alleged in support of the gross negligence claim describe Defendant's performance of the Agreement, *i.e.,* failure to monitor software and firewalls, failure to patch their vulnerabilities, and failure to properly provide archival and backup copies of data. (*See* Compl. at 10.) The proposed negligent misrepresentation claim is based on Defendant's alleged pre-Agreement representations regarding these services. (*See* Opp'n at 11, 14.)

Like Plaintiff here, in *Simula,* the plaintiff argued that the tort claims were "based not on rights and remedies under the [agreement], but upon separate, independent . . . common law prohibitions," and that claims based on pre-agreement misconduct, including misrepresentations, were not arbitrable because they were "separate tort claims relating to conduct occurring prior to the date on which the parties entered into the arbitration clause." 175 F.3d at 724, 723. These arguments were rejected because the claims nevertheless implicated the defendant's performance of the agreement. *Id.* at 724.
/ / / / /

Had the defendant fully complied with the agreement, there would be no basis for the tort claims. *Id.* at 725.

The reasons articulated in *Simula* apply here as well. Defendant's alleged misrepresentations and negligent performance implicate the promise to perform, and the actual performance of, the Agreement. Accordingly, these claims arise from, or are related to, the Agreement, and fall within the scope of the arbitration clause.

The Court declines Defendant's invitation to dismiss the gross negligence claim pursuant to Rule 12(b)(6) based on the defense that it is barred by the economic loss rule. The Court's "role is strictly limited to determining arbitrability and enforcing agreements to arbitrate, leaving the merits of the claim and any defenses to the arbitrator." *Chiron Corp.,* 207 F.3d at 1131 (internal quotation marks and citation omitted).

Plaintiff urges that if Defendant's motion to compel arbitration is granted, this action should be stayed rather than dismissed. Its reliance on the FAA, 9 U.S.C. § 3, is unavailing. Stay is appropriate when specific issues are referred to arbitration. *See id.* When, as here, the entire action is referred to arbitration, it may be dismissed. *See Simula,* 175 F.3d at 719. This Order does not preclude Plaintiff from returning to court to confirm, vacate or modify the arbitration award as provided in the FAA.

For the foregoing reasons, Defendant's motion to dismiss is granted.

**IT SO ORDERED.**

Dated: March 27, 2019

_____
Hon. M. James Lorenz
United States District Judge